

**FILED**

Jun 26 2015, 8:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Joseph A. Sobek
Reed Earhart Lennox & Barrett
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Lee Sparks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 26, 2015<br><br>Court of Appeals Case No.<br>43A03-1409-CR-316<br><br>Appeal from the Kosciusko Superior Court<br><br>The Honorable Duane G. Huffer, Judge<br><br>Trial Court Case No.<br>43D01-1102-FC-80 |

**Mathias, Judge.**

[1] James Lee Sparks ("Sparks") was convicted in Kosciusko Superior Court of Class D felony contracting. Sparks appeals and argues that the evidence is insufficient to support his conviction.

[2] We reverse.

## Facts and Procedural History

[3] In 2009, the Warsaw Veterans of Foreign Wars Post 1126 in Warsaw, Indiana ("the VFW") was struggling financially. In the summer of 2009, Sparks approached Quartermaster Larry Criswell ("Criswell") with the idea of starting a gambling operation to assist the VFW with fundraising. After Sparks learned that the VFW did not have a gaming license, he explained how the VFW could obtain a gaming license and host poker nights to raise funds for its organization. Sparks told Criswell that he was a dealer in Fort Wayne and had encountered a significant number of people from the Warsaw area who travelled to Fort Wayne for gaming.

[4] Licensing regulations required dealers to be members of the VFW. Sparks was eligible to become a member because his father was a veteran of the Air Force. Sparks became a member in July of 2009.

[5] The VFW members voted to allow Sparks to conduct poker games for one year. Therefore, in October 2009, the VFW filed an "Application for Annual Charity Game Night" with the Indiana Gaming Commission. Sparks was listed as the "principal operator who has overall responsibility for the operation and control of this charity gaming event." Ex. Vol., State's Ex. 4. Deb Messer ("Messer"), who was responsible for filing the application, falsely listed Sparks as a two-year member of the VFW. Messer did so because an "operator" was required to be a member of the VFW for at least one year.

The VFW began to hold poker nights four nights per week. Initially, only VFW members were dealers at the poker nights. However, Sparks later recruited non-member dealers because they were more skilled at dealing. Pursuant to licensing regulations, dealers could not be paid. Therefore, Sparks told Messer to list his non-member dealers as cleaners so they could be paid. Sparks also instructed Messer to list him as security, so he could be paid. Licensing regulations prohibit operators from being paid from money generated by legal gambling operations.

Sparks and the VFW agreed that he would receive fifty percent of the net profit. Sparks also expended his own funds to renovate the room used for poker nights. The VFW reimbursed Sparks by giving him an extra ten percent of the profit for a certain period of time.

In September 2010, the VFW applied for and received a renewal of their charity game night license. Messer falsely listed Sparks as a three-year member on that application. Sparks continued to be listed as the "principal operator" of the charity gaming event. Ex. Vol., State's Ex. 5.

The Commander of the VFW refused to sign the application for the charity license after investigating the poker night operations. He resigned from his position in the fall of 2010. He also reported the VFW to the Indiana Gaming Commission for further investigation.

As a result of that investigation, Sparks was charged in Kosciusko Superior Court with Class C felony corrupt business influence, Class D felony

professional gambling, Class D felony theft, and Class D felony contracting. The theft charge was dismissed shortly before the jury trial, which was held on July 15 and 16, 2014. Sparks was found not guilty of corrupt business influence and professional gambling,[1] but the jury returned a guilty verdict for Class D felony contracting. The trial court ordered Sparks to serve an executed one and one-half year sentence at the Kosciusko County Jail. Sparks now appeals.

## Discussion and Decision

[11] When the sufficiency of evidence is challenged, we neither reweigh the evidence nor judge the credibility of witnesses. *Chappell v. State*, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)), *trans. denied*. Rather, we recognize the exclusive province of the trier of fact to weigh any conflicting evidence, and we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id*. If substantial evidence of probative value exists from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the verdict will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

[12] On the date Sparks committed the offense, Class D felony contracting was defined as "an individual, . . . that recklessly, knowingly, or intentionally enters into a contract or other agreement with a qualified organization in violation of

---

[1] Prior to trial, the State amended the charging information and added a count of Class D felony failure to appear. Sparks was found not guilty of that charge.

IC 4-32.2-5-2." Indiana Code section 4-32.2-5-2 provides in pertinent part: "A qualified organization may not contract or otherwise enter into an agreement with an individual . . . to conduct an allowable event for the benefit of the organization. A qualified organization shall use only operators and workers meeting the requirements of this chapter to manage and conduct an allowable event."

[13] To convict Sparks of Class D felony contracting, the State was required to prove that Sparks entered into an agreement with a "qualified organization." *See* I.C. § 4-32.2-8-4(b). However, the State failed to prove to the jury that the VFW is a "qualified organization."

[14] Indiana Code section 4-32.2-2-24 provides in pertinent part:

> (a) "Qualified organization" refers to any of the following:
>
> (1) A bona fide religious, educational, senior citizens, veterans, or civic organization operating in Indiana that:
>
>> (A) *operates without profit* to the organization's members;
>>
>> (B) *is exempt from taxation under Section 501 of the Internal Revenue Code*; and
>>
>> (C) satisfies at least one (1) of the following requirements:
>>
>>> (i) The organization has been continuously in existence in Indiana for at least three (3) years.
>>>
>>> (ii) The organization is affiliated with a parent organization that has been in existence in Indiana for at least three (3) years.
>>>
>>> (iii) The organization has reorganized and is continuing its mission under a new name on file with the Indiana secretary of state and with a new

tax identification number after having satisfied the requirements set forth in either item (i) or (ii).

(Emphasis added).

[15] Our review of the record indicates that the State arguably presented evidence that the VFW is a "bona fide veterans organization." However, the State was also required to present evidence to prove that the VFW operates without profit to its members and that it is exempt from taxation under Section 501 of the Internal Revenue Code. The record is silent on these two elements, and proof of both was required for conviction.[2] Therefore, the State failed to prove that Sparks entered into an agreement with a qualified organization. For these reasons, we conclude that the State failed to present sufficient evidence to prove that Sparks committed Class D felony contracting.

[16] Reversed.

May, J., and Robb, J., concur.

---

[2] In its brief, the State argues that it proved that the VFW was a qualified organization by citing to the Secretary of State's website and to 501(c) of the Internal Revenue Code, but neither of these items was admitted into evidence and tendered to the jury. Moreover, the State did not request that the trial court take judicial notice that the VFW is a qualified organization or place the issue in front of the jury through an appropriate instruction. Therefore, the State failed to prove all of the required elements of the VFW's status under the statute.